**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR SANCHEZ,<br><br>    Petitioner,<br><br>    v.<br><br>ANDRE MATEVOUSIAN,<br><br>    Respondent. | Case No. 1:15-cv-00599-LJO-SMS (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THE HABEAS PETITION<br><br><br>(Doc. 1) |

    This Findings and Recommendation is submitted to United States District Judge Lawrence J. O'Neill under 28 U.S.C. § 636(b)(1) and Local Civil Rule 302 of the United States District Court for the Eastern District of California.

    Petitioner is a federal prisoner, proceeding *pro se*, with a petition for writ of habeas corpus under 28 U.S.C. § 2241. He is currently confined at the Atwater United States Penitentiary. In the petition, filed April 17, 2015, Petitioner alleges four grounds—three based on actual innocence and one based on ineffective assistance of counsel—for his challenge. Doc. 1. For relief, Petitioner requests that his conviction be set aside or vacated, and that he be immediately released. Based upon the documents presently before the court and for the reasons stated below, the court recommends that the petition be dismissed. *See* Rule 4[1] of the Rules Governing Section 2254

---

[1] Rule 4 applies to a petition brought under section 2241 because the court "may apply any or all of the [Rules Governing Section 2254 Cases] to a habeas petition not covered" therein. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

1

Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

## I. BACKGROUND

The court takes judicial notice[2] of the docket of the United States District Court for the Southern District of New York, which revealed that Petitioner was convicted by a federal jury of conspiracy to distribute a controlled substance involving the killing of an individual using a firearm. He was, thereafter, sentenced to forty years in prison.

On appeal, the Second Circuit issued a mandate remanding the case for reconsideration in light of its decision in *United States v. Crosby*, 397 F.3d 103 (2nd Cir. 2005) and the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). The district court, after due consideration, denied Petitioner's motion for resentencing. On Petitioner's second appeal, the Second Circuit issued a mandate affirming the judgment of conviction. Petitioner did not file a petition for certiorari with the Supreme Court because, as he states in the petition before this Court, his "[a]ttorney advised that certiorari would be in vain." Doc. 1.

Petitioner also did not file a motion under 28 U.S.C. § 2255, and states that the "[o]ne year time limit lapsed for petition of habeas corpus section 2255." Doc. 1. This petition followed.

## II. DISCUSSION

"In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention. However, a prisoner may proceed under § 2241 if he can show that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.' 28 U.S.C. § 2255." *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (internal quotations omitted). This exception is known as the savings clause, or the escape hatch.

---

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it: . . . **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

*Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008).  Specifically, a section 2255 motion is inadequate or ineffective "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."  *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotations omitted).  "In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255.  He must never have had the opportunity to raise it by motion."  *Ivy*, 328 F.3d at 1060.

In this case, Petitioner cannot show that a section 2255 petition would be inadequate or ineffective in testing the legality of his detention.  Petitioner states he did not file a section 2255 petition because the one-year[3] statute of limitations had lapsed.  But that reason does not overcome the fact that Petitioner could have filed a section 2255 petition.   Petitioner having had an opportunity to file a section 2255 petition but did not falls short of showing that he did not have an unobstructed procedural shot at presenting his claims.  *See Harrison*, 519 F.3d at 960 (petitioner who could have raised claim on direct appeal or in his first section 2255 motion cannot show that he did not have "unobstructed procedural shot" at raising his claim to qualify for the escape hatch).  Failing to show that a section 2255 petition is inadequate or ineffective, Petitioner may not proceed under section 2241.  Instead, he must seek relief under section 2255.

Having determined therefore that Petitioner must proceed under section 2255 to challenge the legality of his detention, this Court is without jurisdiction because Petitioner was tried and sentenced in the Southern District of New York.  28 U.S.C. § 2255(a) ("A prisoner . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move *the court which imposed the sentence* to vacate, set aside or correct the sentence.") (emphasis added).

---

[3] "A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.' § 2255[.]" *Clay v. United States*, 537 U.S. 522, 524 (2003).

### III. RECOMMENDATION

Accordingly, the Court recommends the petition be DISMISSED for lack of jurisdiction. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) *court* days (plus three days if served by mail) after service of the objections. Local Rule 304. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-1157 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **November 4, 2015**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE